UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

HENRY BRESILIEN,

Plaintiff,

-against-

THE CITY OF NEW YORK ("NYC"), THOMAS
BRADLEY, individually and in his capacity as a
Lieutenant in the FDNY, MICHAEL GALA,
individually and in his capacity as Chief of Personnel in
the FDNY, "JOHN DOES" and "JANE DOES," said
names being fictitious and presently unknown persons
believed to be personnel of the FDNY,

Defendants.

## DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT

ZACHARY W. CARTER
*Corporation Counsel of the City of New York*
Attorney for Defendants
100 Church Street, Room 2-139
New York, N.Y. 10007-2601

*Of Counsel:* Kerrin A. Bowers
*Tel:* (212) 356-2473

*Matter No.* 2016-035102

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ................................................................................... iii

PRELIMINARY STATEMENT ............................................................................... 1

STATEMENT OF FACTS ...................................................................................... 3

ARGUMENT

      POINT I

            PLAINTIFF'S CLAIMS UNDER 42 U.S.C. §
            1981 ARE DEFICIENT AS A MATTER OF
            LAW. ...................................................................................... 3

      POINT II

            PLAINTIFF CANNOT ESTABLISH A
            CLAIM FOR RACE DISCRIMINATION
            UNDER 42 U.S.C. § 1983. .................................................... 4

            A.    Legal Standard ........................................................... 4

            B.    Plaintiff Fails to Establish a *Prima Facie*
                  Case of Race Discrimination ....................................... 5

            C.    Defendants Had Legitimate, Non-
                  Discriminatory Reasons For Their
                  Actions Which Plaintiff Cannot Show to
                  be Pretextual ............................................................... 8

            D.    Plaintiff Cannot Show Defendants'
                  Reasons to be Pretextual ........................................... 12

      POINT III

            PLAINTIFF CANNOT ESTABLISH A
            CLAIM FOR RETALIATION UNDER TITLE
            VII, 42 U.S.C. § 1983, NYSHRL AND
            NYCHRL. ............................................................................ 14

            A.    Plaintiff's Title VII and NYSHRL
                  Retaliation Claims Fail As A Matter of
                  Law. ......................................................................... 14

B.     Plaintiff's First Amendment Retaliation
       Claim Fails As A Matter of Law..................................................17

C.     Plaintiff's NYCHRL Retaliation Claim
       Fails As A Matter of Law. .........................................................19

POINT IV

       PLAINTIFF'S § 1983 DUE PROCESS CLAIM
       FAILS AS A MATTER OF LAW......................................................21

POINT V

       NO MUNICIPAL LIABILITY AGAINST THE
       CITY. ...................................................................................................23

POINT VI

       NO  INDIVIDUAL  LIABILITY  AGAINST
       THOMAS BRADLEY.......................................................................25

CONCLUSION...................................................................................................26

# TABLE OF AUTHORITIES

**Cases**      **Pages**

*Alfano v. Costello*,
    294 F.3d 365 (2d Cir. 2002)........................................................................12

*Anemone v. Metro. Transp. Auth.*,
    629 F.3d 97 (2d Cir. 2011)..................................................................... 18-19

*Back v. Hastings on Hudson Union Free Sch. Dist.*,
    365 F.3d 107 (2d Cir. 2004).......................................................................25

*Ballard v. Children's Aid Soc'y*,
    781 F. Supp. 2d 198 (S.D.N.Y. 2011).........................................................14

*Bd. of County Comm'rs v. Brown*,
    520 U.S. 397 (1997)...................................................................................24

*Bickerstaff v. Vassar College*,
    196 F.3d 435 (2d Cir. 1999).........................................................................9

*Brierly v. Deer Park Union Free Sch. Dist.*,
    359 F. Supp. 2d 275 (E.D.N.Y. Mar. 23, 2005).........................................13

*Butts v. N.Y. City Dep't of Hous. Pres. & Dev.*,
    307 Fed. Appx. 596 (2d Cir. 2009).............................................................14

*Centeno v. New York City*,
    2005 U.S. Dist. LEXIS 41895 (E.D.N.Y. May 12, 2005) ................. 11-12

*City of Los Angeles v. Heller*,
    475 U.S. 796 (1986)...................................................................................25

*Cobb v. Pozzi*,
    363 F.3d 89 (2d Cir. 2004).........................................................................18

*Colon v. Coughlin*,
    58 F.3d 865 (2d Cir. 1995).........................................................................25

*Cotarelo v. Sleepy Hollow Police Dep't.*,
    460 F.3d 247 (2d Cir. 2006).......................................................................19

*Dechberry v. New York City Fire Dep't.*,
    124 F. Supp. 3d 131 (E.D.N.Y. Aug. 15, 2015) ......................................23

*Duplan v. City of New York*,
    888 F.3d 612 (2d Cir. 2018).........................................................................3

**Cases**                                                   **Pages**

*Dwares v. City of N.Y.*,
985 F.2d 94 (2d Cir. 1993) ................................................................24

*Eisner v. City of New York*,
166 F. Supp. 3d 450 (S.D.N.Y. 2016) ...............................................20

*Elhanafy v. Shinseki*,
2012 U.S. Dist. LEXIS 81302 (E.D.N.Y. June 12, 2012) ...................15

*Fattoruso v. Hilton Grand Vacations Co.*,
525 Fed. Appx. 26 (2d Cir. 2013) ......................................................20

*Finley v. Giacobbe*,
79 F.3d 1285 (2d Cir. 1996) ..........................................................21, 22

*Fisher v. Vassar Coll.*,
114 F.3d 1332 (2d Cir. 1997) ..............................................................8

*Giaccio v. City of New York*,
308 F. App'x 470 (2d Cir. 2009) ........................................................24

*Gibbs v. City of New York*,
2005 U.S. Dist. LEXIS 3169 (E.D.N.Y. Jan. 21, 2005) .......................8

*Gorham v. Transit Workers Union Local 100*,
1999 U.S. Dist. LEXIS 3573 (S.D.N.Y. Mar. 22, 1999) .....................11

*Graham v. Long Island R.R.*,
230 F.3d 34 (2d Cir. 2000) ...................................................................7

*Hollander v. American Cyanamid Co.*,
172 F.3d 192 (2d Cir. 1999) ...............................................................13

*Howard v. City of New York*,
602 F. App'x 545 (2d Cir. 2015) ........................................................18

*James v. N.Y. Racing Ass'n*,
233 F.3d 149 (2d Cir. 2000) ...............................................................13

*Jett v. Dallas Indep. Sch. Dist.*,
491 U.S. 701 (1989) ..............................................................................3

*Johnson v. Andy Frain Servs.*,
2014 U.S. Dist. LEXIS 84430 (E.D.N.Y. June 19, 2014) ......................4

**Cases**            **Pages**

*Loucar v. Boston Mkt. Corp.*,
   294 F. Supp. 2d 472 (S.D.N.Y. 2003)........................................................7

*Martinez v. Santamaria*,
   2015 U.S. Dist. LEXIS 90901 (S.D.N.Y. July 8, 2015) ...........................4

*McDonnell Douglas Corp. v. Green*,
   411 U.S. 792 (1973)................................................................................4

*Mihalik v. Credit Agricole Cheuvreux N. Am., Inc.*,
   715 F.3d 102 (2d Cir. 2013).....................................................................19

*Monell v. Dep't of Sc. Servs.*,
   436 U.S. 658 (1978)..............................................................................24

*Morales v. Rooney*,
   509 F. App'x 9 (2d Cir. 2013) ................................................................4

*Morris v. Lindau*,
   196 F.3d 102 (2d Cir. 1999).....................................................................18

*Pathare v. Klein*,
   2008 U.S. Dist. LEXIS 69119 (S.D.N.Y. Sept. 12, 2008).........................5

*Pena-Barrero v. City of New York*,
   2017 U.S. Dist. LEXIS 47983 (S.D.N.Y. Mar. 30, 2017) .......................20

*Pignone v. Vill. of Pelham Manor*,
   2014 U.S. Dist. LEXIS 31508 (S.D.N.Y. Mar. 6, 2014) .........................25

*Roddini v. City Univ. of N.Y.*,
   2003 U.S. Dist. LEXIS 2549 (S.D.N.Y. Feb. 14, 2003)..........................3-4

*Ross v. New Canaan Envtl. Comm'n*,
   532 Fed. App'x 12 (2d Cir. 2013)............................................................4

*Ruiz v. City of N.Y.*,
   2015 U.S. Dist. LEXIS 117947 (S.D.N.Y. Sep. 2, 2015)..........................3

*Ruiz v. County of Rockland*,
   609 F.3d 486 (2d Cir. 2010)..................................................................4, 5

*Sattar v. United States Dep't of Homeland Sec.*,
   668 Fed. Appx. 1 (2d Cir. 2016)...............................................................14

| Cases | Pages |
|---|---|
| *Shein v. N.Y.C. Dep't of Educ.*, <br> U.S. Dist. LEXIS 20015 (S.D.N.Y. Feb. 18, 2016) | 14 |
| *Shumway v. UPS*, <br> 118 F.3d 60 (2d Cir. 1997) | 7 |
| *Smalls v. Allstate Ins. Co.*, <br> 396 F. Supp. 2d 364 (S.D.N.Y. 2005) | 7 |
| *Smith v. County of Suffolk*, <br> 776 F.3d 114 (2d Cir. 2015) | 17 |
| *Smith v. N.Y. City Dep't of Educ.*, <br> 524 F. App'x 730 (2d Cir. 2013) | 18 |
| *Soto v. Schembri*, <br> 960 F. Supp. 751 (S.D.N.Y. 1997) | 24 |
| *St. Mary's Honor Ctr.*, <br> 509 U.S. 502 (1993) | 13 |
| *Tex. Dep't of Cmty. Affairs v. Burdine*, <br> 450 U.S. 248 (1981) | 13 |
| *Tomassi v. Insignia Fin. Grp., Inc.*, <br> 478 F.3d 111 (2d Cir. 2007) | 6 |
| *Vippolis v. Vill. of Haverstraw*, <br> 768 F.2d 40 (2d Cir. 1985) | 24 |
| *Weinstock v. Columbia Univ.*, <br> 224 F.3d 33 (2d Cir. 2000) | 8 |
| *Whiting v. Inc. Vill. Of Old Brookville*, <br> 8 F. Supp. 2d 202 (E.D.N.Y. 1998) | 21, 22 |
| *Williams v. Palladia, Inc.*, <br> 2009 U.S. Dist. LEXIS 15516 (S.D.N.Y. Feb. 10, 2009) | 6 |
| *Ya-Chen Chen v. City Univ. of N.Y.*, <br> 805 F.3d 59 (2d Cir. 2015) | 19, 20 |
| *Zann Kwan v. Andalex Group LLC*, <br> 737 F.3d 834 (2d Cir. 2013) | 14 |

## PRELIMINARY STATEMENT

Plaintiff is a former Probationary Firefighter ("PFF") with the Fire Department of the City of New York Department ("FDNY"). For all but a month and a half of Plaintiff's approximate 18 months of employment with the FDNY, Plaintiff was out on medical leave or light duty. Plaintiff never completed Probationary Firefighter School ("PFS"). Plaintiff's medical history during his employment as a PFF with the FDNY included persistent respiratory symptoms which he described and physical findings which were not compatible with full duty firefighting. On January 14, 2015, Plaintiff's services as a PFF with the FDNY were terminated.

Plaintiff has the following claims remaining in this action: 42 U.S.C. § 1981 ("Section 1981") race discrimination claims against the City of New York (the "City") and Thomas Bradley ("Bradley"); Section 1981 retaliation claims against Bradley; Title VII of the Civil Rights Act of 1964 ("Title VII") retaliation claims against the City with respect to his January 14, 2015 termination; New York State Human Rights Law ("NYSHRL") and New York City Human Rights Law ("NYCHRL") retaliation claims against the City and Bradley with respect to allegations occurring after August 30, 2013; First Amendment 42 U.S.C. § 1983 ("Section 1983") retaliation claims against Bradley with respect to allegations occurring after August 30, 2013; Section 1983 race discrimination claims against the City and Bradley with respect to allegations occurring after August 30, 2013; and procedural due process claims under Section 1983. Plaintiff claims that he suffered disparate treatment on the basis of his race (African-American) and in retaliation for his status as a class member in *United States v. City of New York*, 07 Civ. 2067 (E.D.N.Y.) ("Firefighter Examination Lawsuit") and that Defendants violated his rights under the Fourteenth Amendment by terminating his employment without due process.

*First*, Plaintiff's Section 1981 discrimination and retaliation claims fail as a matter of law because Section 1981 does not provide a separate private right of action against state actors.  *Second*, Plaintiff's retaliation claims fail because there is no evidence establishing a causal connection between any alleged employment actions and his participation in the Firefighter Examination Litigation.  Plaintiff lacks evidence to show that his change in duty status or his termination was based on retaliatory animus but rather as a result of Plaintiff's persistent respiratory symptoms which he described and objective laboratory tests showing his medical conditions.  Notwithstanding, even if Plaintiff could establish a *prima facie* case of retaliation, Defendants have set forth legitimate, non-retaliatory reasons for their actions, and Plaintiff cannot point to record evidence showing that these reasons are pretextual.  *Third*, Plaintiff's discrimination claims fail for the same reasons as his retaliation claims.  Plaintiff lacks evidence to show an inference of race discrimination, specifically, that any alleged employment actions were taken against him because of his race.  Notwithstanding, even if Plaintiff could establish a *prima facie* case of discrimination, Defendants have set forth legitimate, non-discriminatory reasons for their actions, and Plaintiff cannot point to record evidence showing that these reasons are pretextual.  *Fourth,* Plaintiff's procedural due process claims fail as a matter of law because plaintiff was a probationary employee and, thus, had no protected property interest in his job.  *Finally*, Plaintiff cannot establish liability against the City because Plaintiff has failed to show any official policy or custom of the City that denied him a constitutional right.  Moreover, Plaintiff has not demonstrated a constitutional violation.  Absent an underlying constitutional violation, there can be no municipal liability.

Defendants move, pursuant to Rule 56 of the Federal Rules of Civil Procedure, for summary judgment dismissing Plaintiff's claims in their entirety.  As set forth in more detail

below, Defendants are entitled to summary judgment because there are no issues of material fact from which a reasonable juror could find that Plaintiff was discriminated against on the basis of his race, retaliated against for his protected activity nor that he was deprived any due process. For the reasons stated below, Plaintiff's remaining claims should be dismissed.

## STATEMENT OF FACTS

For a statement of the pertinent and material facts as to which there is no genuine issue to be tried, the Court is respectfully referred to Defendants' Local Rule 56.1 Statement of Undisputed Material Facts, dated May 9, 2019 ("Defs. 56.1 Stmt."), the Declaration of Kerrin A. Bowers, dated May 9, 2019 ("Bowers Decl."), and the supporting evidence cited therein.[1]

## ARGUMENT

### POINT I

### PLAINTIFF'S CLAIMS UNDER 42 U.S.C. § 1981 ARE DEFICIENT AS A MATTER OF LAW.[2]

Plaintiff's § 1981 race discrimination claims against the City and Bradley and Plaintiff's § 1981 retaliation claims against Bradley should be dismissed because § 1981 does not provide a separate private right of action against state actors. *Duplan v. City of New York*, 888 F.3d 612, 619-621 (2d Cir. 2018); *Ruiz v. City of N.Y.*, 2015 U.S. Dist. LEXIS 117947, at *8 (S.D.N.Y. Sep. 2, 2015). When the defendant is a state actor, 42 U.S.C. § 1983 is the exclusive remedy for violations of rights guaranteed under 42 U.S.C. § 1981. *See Jett v. Dallas Indep. Sch. Dist.*, 491 U.S. 701, 733 (1989). "Moreover, the holding in *Jett* has been interpreted to

---

[1] Unless otherwise indicated, all references to Exhibits (Ex.) in this Memorandum of Law refer to the documents and evidence annexed to the Bowers Decl.

[2] In a minute entry following the pre-motion conference on the motion herein, the Court asked Plaintiff whether he intended to voluntarily dismiss these claims to which Plaintiff did not respond. *See* ECF Minute Entry dated February 20, 2019.

encompass not only governmental entities but also individuals sued in their individual capacities who are 'state actors.'" *Roddini v. City Univ. of N.Y.*, 2003 U.S. Dist. LEXIS 2549 at *16 (S.D.N.Y. Feb. 14, 2003). "Thus, 'to the extent [Plaintiff] seeks to vindicate any independent rights under 42 U.S.C. § 1981, he must do so via claims under § 1983.'" *Martinez v. Santamaria*, 2015 U.S. Dist. LEXIS 90901 at *11-12 (S.D.N.Y. July 8, 2015) (citation omitted).

Accordingly, all claims against the City and Bradley pursuant to Section 1981 are improper and must be dismissed.

### POINT II

### PLAINTIFF CANNOT ESTABLISH A CLAIM FOR RACE DISCRIMINATION UNDER 42 U.S.C. § 1983.

#### A. Legal Standard

"The substantive standards for [intentional] employment discrimination claims under 42 U.S.C. §§ 1981 and 1983 mirror those for claims under Title VII . . . ." *Morales v. Rooney*, 509 F. App'x 9, 10 (2d Cir. 2013). To "state a claim for an equal protection violation, [plaintiff] must allege that a government actor intentionally discriminated against him on the basis of race, national origin, or gender." *Ross v. New Canaan Envtl. Comm'n*, 532 Fed. App'x 12, 13 (2d Cir. 2013) (internal citation omitted).

Claims under § 1983 are analyzed using the burden shifting analysis of *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). *See Ruiz v. County of Rockland*, 609 F.3d 486, 491-92 (2d Cir. 2010). Under this framework, a plaintiff must establish: (1) he is a member of a protected class; (2) he is qualified for his position; (3) he suffered an adverse employment action; and (4) the circumstances give rise to an inference of discrimination. *See id*. Thus, courts in New York require a plaintiff to plead a "connection between the alleged negative

treatment and h[is] . . . race . . . " in order to adequately plead discrimination claims. *Johnson v. Andy Frain Servs.*, 2014 U.S. Dist. LEXIS 84430 at *7 (E.D.N.Y. June 19, 2014).

Once a plaintiff establishes a *prima facie* case of discrimination, the burden shifts to the defendant to offer a legitimate, non-discriminatory reason for the adverse employment action. *See County of Rockland*, 609 F.3d at 492. This "burden is one of production, not persuasion . . . and involves no credibility assessment of the evidence." *Pathare v. Klein*, 2008 U.S. Dist. LEXIS 69119 at *12 (S.D.N.Y. Sept. 12, 2008) (citations omitted). If defendant satisfies its burden, plaintiff must establish a genuine issue of material fact showing defendant's reason is a mere pretext for a discriminatory motive. *See County of Rockland*, 609 F.3d at 492.

As demonstrated below, Plaintiff cannot establish a *prima facie* claim of discrimination based on race and, even if he somehow were able to, Defendants possess legitimate non-discriminatory reasons for any alleged actions complained of, and Plaintiff cannot point to record evidence showing that these reasons are pretextual.

**B.    Plaintiff Fails to Establish a *Prima Facie* Case of Race Discrimination**

Plaintiff's § 1983 race discrimination claims against the City and Bradley with respect to allegations occurring after August 30, 2013[3] fail because the evidentiary record is utterly devoid of facts that his race had anything to do with any of the actions taken by the City or Bradley, including his termination.

Plaintiff has satisfactorily alleged that he is a member of a protected class (African-American) and that he suffered an adverse employment action when he was terminated from his position as a Probationary Firefighter with FDNY on January 14, 2015. *See* Defs. 56.1

---

[3] Such date is after the time that Plaintiff stopped his training at the PFS as a result of an injury he sustained while at the PFS. *See* Defs. 56.1 Stmt. at ¶¶50, 57, 61. As such, allegations related to Defendants requiring Plaintiff to perform training exercises with the intent of failing him are time-barred.

Stmt. ¶¶7, 85. Beyond this, Plaintiff cannot establish a *prima facie* case of discrimination. The record lacks sufficient evidence to establish an inference of race discrimination, as alleged by Plaintiff. While the Second Circuit has not catalogued all of the circumstances that would permit an inference of discrimination, it has said that a "plaintiff must come forward with some evidence, beyond merely stating that he is a member of a protected class that suffered an adverse employment decision." *Williams v. Palladia, Inc.*, 2009 U.S. Dist. LEXIS 15516 at *20 (S.D.N.Y. Feb. 10, 2009). Such evidence may include "remarks or actions made by decision makers that could be viewed as reflecting a discriminatory animus" or "preferential treatment given to employees outside the protected class." *Id.* at *20 (internal citations omitted). No such evidence is present here.

First, Plaintiff fails to set forth any evidence of discriminatory animus, such as Discriminatory statements. Indeed, Plaintiff presents no facts that establish a racial animus on the part of anyone for whom he worked, including Bradley. Plaintiff purports to support his claim of discrimination, in part, on Bradley's neutral comments, to the effect of "What is he doing here anyway?" and "When are you going to quit, Bresilien?" *See* FAC at ¶¶ 42, 46. Such comments, even if said, are not facially discriminatory comments based on race as they do not include any reference to race, and nothing in the record indicates that Plaintiff was asked these questions because of his race. Notwithstanding, the Second Circuit has held that "[t]he relevance of discrimination-related remarks does not depend on their offensiveness, but rather on their tendency to show that the decision-maker was motivated by assumptions or attitudes relating to the protected class." *Tomassi v. Insignia Fin. Grp., Inc.*, 478 F.3d 111, 116 (2d Cir. 2007) *abrogated on other grounds by Gross v. FBL Fin. Servs., Inc.*, 557 U.S. 167, 177-78, 129 S. Ct. 2343, 174 L. Ed. 2d 119 (2009). Not only has Plaintiff not shown how the comments are

connected to the protected class to which he belongs, the record is entirely devoid of evidence that Bradley was a decision-maker with respect to any alleged employment actions against Plaintiff.  *See* Defs. 56.1 Stmt. ¶¶45, 47, 48.

In addition, Plaintiff has not otherwise shown that the following alleged actions were taken against him because of his race: (1) he was placed on light duty to render him ineligible for completion of his training; (2) Bradley "orchestrated" his change in duty status by stating in front of an FDNY physician "What is he doing here anyway?"; and (3) he was terminated.  *See* FAC ¶¶ 5, 42-43, 45.  Plaintiff cannot point to any evidence in the record showing that any of these alleged actions were motivated by discriminatory animus.

Furthermore, Plaintiff fails to identify any comparators in support of his race discrimination claim and the record lacks any evidence that Plaintiff was treated less favorably than similarly-situated employees outside of his protected group.  *See Graham v. Long Island R.R.*, 230 F.3d 34, 38-39 (2d Cir. 2000) (failure to identify other similarly situated employees dooms discrimination inference); *Shumway v. UPS*, 118 F.3d 60, 63 (2d Cir. 1997).  In order to be considered "similarly situated," the individual to whom the plaintiff attempts to compare himself must be similarly situated in "all material respects."  *See Loucar v. Boston Mkt. Corp.*, 294 F. Supp. 2d 472, 479 (S.D.N.Y. 2003) (employee with more experience not similarly situated to a less experienced employee in the same job title) (citing *Shumway v. United Parcel Serv., Inc.*, 118 F.3d 60, 64 (2d Cir. 1997)).  Plaintiff has not set forth any evidence that non-African-American Probationary Firefighters were treated more favorably.

A "plaintiff's speculations, generalities, and gut feelings, however genuine, when they are not supported by specific facts, do not allow for an inference of discrimination to be drawn." *Smalls v. Allstate Ins. Co.*, 396 F. Supp. 2d 364, 371 (S.D.N.Y. 2005).  Here, Plaintiff's

claims of discrimination are textbook "speculations, generalities, and gut feelings," the likes of which are insufficient to establish an inference of discrimination. *See id.* The record contains nothing to suggest that any comments made or actions taken against Plaintiff occurred under circumstances giving rise to an inference of discrimination on the basis of his race. *See Gibbs v. City of New York*, 2005 U.S. Dist. LEXIS 3169 at *26-27 (E.D.N.Y. Jan. 21, 2005).

Plaintiff's race discrimination claims fail for lack of a *prima facie* case. Indeed, Plaintiff's allegations are untethered to any evidence supporting an inference of discrimination. Plaintiff's mere speculation and bald, conclusory statements do not set forth evidence to support an inference of racial animus to defeat a motion for summary judgment; in fact, he has not pointed to a single event leading to his change in duty status or termination for which his race was at issue in any way. Simply put, the evidentiary record does not offer any support for Plaintiff's contention that any action by the City or Bradley had to do with his race.

Accordingly, Plaintiff has not provided sufficient evidence to establish his race discrimination claims under Section 1983 and Defendants' motion for summary judgment as to Plaintiff's race discrimination claims should be granted.

## C. Defendants Had Legitimate, Non-Discriminatory Reasons For Their Actions Which Plaintiff Cannot Show to be Pretextual

Even assuming, *arguendo*, that Plaintiff could establish a *prima facie* case of race discrimination, which he decidedly cannot, Plaintiff's claims fail because Plaintiff has not produced sufficient evidence for a reasonable factfinder to conclude that any allegedly adverse employment actions were motivated by discrimination rather than FDNY's proffered reasons. *See Weinstock v. Columbia Univ.*, 224 F.3d 33, 42 (2d Cir. 2000). Rather, the record shows that FDNY's actions were motivated by legitimate, non-discriminatory reasons and Plaintiff lacks any evidence sufficient to establish that such reasons were pretextual. *See Fisher v. Vassar*

*Coll.*, 114 F.3d 1332, 1335-36 (2d Cir. 1997), *cert. denied*, 522 U.S. 1075 (1998) ("Any legitimate, non-discriminatory reason will rebut the presumption triggered by the prima facie case."). Defendants' burden in this regard is minimal as it must merely provide some explanation for the actions plaintiff alleges to be discriminatory. *See Bickerstaff v. Vassar College*, 196 F.3d 435, 446 (2d Cir. 1999), *cert. denied*, 530 U.S. 1242 (2000).

Here, FDNY had legitimate, non-discriminatory reasons for changing Plaintiff's duty status and terminating Plaintiff. On August 6, 2013, Plaintiff sustained an injury while at the PFS. *See* Defs. 56.1 Stmt. at ¶50. Plaintiff was referred to FDNY's Bureau of Health Services ("BHS") in August 2013. *See* Defs. 56.1 Stmt. at ¶53. BHS, staffed with physicians, nurses, and other medical professionals, performs monitoring of firefighting personnel for their fitness for duty. *See* Defs. 56.1 Stmt. at ¶32. Plaintiff was granted medical leave as a result of the injuries he sustained at PFS. *See* Defs. 56.1 Stmt. at ¶54. On August 12, 2013, a BHS physician examined Plaintiff and noted that Plaintiff reported that he was "unable to run or jog" and "does not feel ready to return to training." *See* Defs. 56.1 Stmt. at ¶57. Therefore, also on August 12, 2013, Plaintiff was placed on light duty, effective August 13, 2013. *See* Defs. 56.1 Stmt. at ¶59. Plaintiff remained on light duty for approximately sixty-nine days, until October 21, 2013. *See* Defs. 56.1 Stmt. at ¶61. While Plaintiff was placed on full duty status on October 21, 2013, pursuant to FDNY's policies and procedures, Plaintiff had to continue to perform non-firefighting duties, such as hydrant inspections, while on full duty since Plaintiff had not yet completed PFS. *See* Defs. 56.1 Stmt. at ¶¶39, 46, 63. The record reflects that the next PFS class that Plaintiff would have been eligible to participate in commenced on January 27, 2014. *See* Defs. 56.1 Stmt. at ¶31.

However, on December 3, 2013 Plaintiff reported to a BHS physician that he experienced headaches, cough and shortness of breath the day prior.  *See* Defs. 56.1 Stmt. at ¶65.  As a result, a BHS physician examined Plaintiff and placed him on medical leave.  *See* Defs. 56.1 Stmt. at ¶67.  Plaintiff remained on medical leave until March 10, 2014.  *See* Defs. 56.1 Stmt. at ¶68.  The record reflects that Plaintiff made numerous visits to BHS in December 2013, indicating that he was experiencing a shortness of breath.  *See* Defs. 56.1 Stmt. at ¶69.  On December 31, 2013, BHS diagnosed Plaintiff with reactive airways disease.  *See* Defs. 56.1 Stmt. at ¶71.  On January 12, 2014, a BHS physician examined Plaintiff, who was still experiencing shortness of breath, and determined that he was still unfit for firefighting duty and continued him on medical leave.  *See* Defs. 56.1 Stmt. at ¶72.  On March 8, 2014, a BHS physician examined Plaintiff, who reported that he was still experiencing shortness of breath, and determined that Plaintiff was unfit for full duty.  *See* Defs. 56.1 Stmt. at ¶¶73, 74.  However, after examination, the BHS physician changed Plaintiff's duty status to light duty, effective March 10, 2014, in which he remained until the time of his termination.  *See* Defs. 56.1 Stmt. at ¶74.  On August 27, 2014, a BHS physician examined Plaintiff and noted that "the overall clinical picture and testing [is] consistent with asthma."  *See* Defs. 56.1 Stmt. at ¶77.

The record clearly shows that Plaintiff's change in duty status was based on medical events, his own stated symptoms and inabilities, and not because of his race or to render him ineligible for enrollment in any upcoming PFS.  Also, the record is clear that determinations with respect to designations of the duty status of firefighting personnel (i.e., light duty, medical leave, or full duty) are solely within the discretion of the BHS physicians.  *See* Defs. 56.1 Stmt. at ¶45.  As such, Plaintiff's allegations that Bradley played a role in any of these designations bear no support in the record. The facts that are in the record clearly show that Bradley did not

control whether Plaintiff was permitted to return to full duty or had any control over his duty status, negating any claimed inference of discriminatory animus.

Similarly, there is no support in the record that FDNY unfairly terminated Plaintiff from his position as a Probationary Firefighter because of his race, but rather because Plaintiff would never be able to perform the duties of a firefighter with the FDNY as a result of his medical condition. *See* Defs. 56.1 Stmt. at ¶84. The record shows that Plaintiff was on medical leave for 105 days and on light duty for 379 days and never completed his training at the PFS. *See* Defs. 56.1 Stmt. at ¶¶79, 81. Over the course of Plaintiff's approximately 18 month employment, Plaintiff spent the majority of his time with the FDNY on light duty or medical leave such that Plaintiff could not complete his training at the PFS. *See* Defs. 56.1 Stmt. at ¶80. Plaintiff spent less than a month and a half at FDNY on full duty. *See* Defs. 56.1 Stmt. at ¶82. Plaintiff's medical history during his employment as a PFF with the FDNY included persistent respiratory symptoms which he described and physical findings which were not compatible with full duty firefighting. *See* Defs. 56.1 Stmt. at ¶83. Plaintiff even acknowledged that someone with asthma cannot perform the duties of a Firefighter. *See* Defs. 56.1 Stmt. at ¶78.

Indeed, Plaintiff lacks any evidence to dispute the plain grounds for his change in duty status or termination as the record is replete with undisputed facts concerning Plaintiff's medical history with FDNY and his lack of fitness for firefighting duty. *See* Defs. 56.1 Stmt. ¶¶50 - 84. As noted, all Plaintiff can offer in response to Defendants' legitimate reasons are self-serving, conclusory allegations, which are insufficient, as a matter of law, to defeat Defendants' motion for summary judgment. *See Gorham v. Transit Workers Union Local 100*, 1999 U.S. Dist. LEXIS 3573 at *12 (S.D.N.Y. Mar. 22, 1999), *aff'd without published opinion*, 205 F.3d 1322 (2d Cir.), *cert. denied*, 531 U.S. 884 (2000) (summary judgment granted where

"plaintiff's allegations of racial bias are unsupported by any evidence in the record"); *see also Centeno v. New York City*, 2005 U.S. Dist. LEXIS 41895 at *18-19 (E.D.N.Y. May 12, 2005), *aff'd* 164 Fed. Appx. 167 (2d Cir. 2006) (plaintiff's conclusory allegations of discrimination were insufficient to give rise to inference of discrimination). As the Second Circuit has observed:

> Everyone can be characterized by sex, race, ethnicity, or (real or perceived) disability; and many bosses are harsh, unjust, and rude. . . . It is therefore important in [alleged discrimination] . . . cases to exclude from consideration personnel decisions that lack a linkage or correlation to the claimed ground of discrimination. Otherwise, the federal courts will become a court of personnel appeals.

*Alfano v. Costello*, 294 F.3d 365, 377 (2d Cir. 2002).

Even if the Court finds that Plaintiff has set forth a *prima facie* case of race discrimination, despite his failure to demonstrate the existence of facts supporting an inference of discrimination, Defendants had legitimate non-discriminatory reasons for any of the actions complained of. Plaintiff's changes in duty status and termination was the result of medical events concerning Plaintiff and his inability to perform the duties of a firefighter with the FDNY as a result of his medical condition.

Accordingly, FDNY had legitimate, non-discriminatory reasons for their actions, and Plaintiff has failed to produce evidence demonstrating that the proffered reasons are false, let alone that the actual motivation behind Defendants' actions was impermissible discriminatory animus. As such, even if Plaintiff could establish a *prima facie* case of discrimination, Defendants are nevertheless entitled to summary judgment.

**D.     Plaintiff Cannot Show Defendants' Reasons to be Pretextual**

After legitimate non-discriminatory reasons are established, the burden shifts back to plaintiff to prove by a preponderance of the evidence that the stated reasons are a pretext for

discrimination based upon his race. A plaintiff may satisfy his burden at the pretext stage by setting forth direct evidence of a discriminatory motive or an indirect showing that the employer's proffered reasons are unworthy of credence. *Tex. Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 256 (1981); *see also Brierly v. Deer Park Union Free Sch. Dist.*, 359 F. Supp. 2d 275, 291 (E.D.N.Y. Mar. 23, 2005) ("A discrimination claimant may show pretext by demonstrating such weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions in the employer's proffered legitimate reasons for its action that a reasonable factfinder could rationally find them unworthy of credence"). However, a plaintiff must do more than simply assert that the stated reasons are false; a plaintiff must prove that the stated reason is false *and* that the real reason for the employer's action is discrimination. *See St. Mary's Honor Ctr.*, 509 U.S. 502, 515 (1993); *Hollander v. American Cyanamid Co.,* 172 F.3d 192, 200 (2d Cir. 1999), (not sufficient for plaintiff to show that the alleged reason for defendants' action was false; instead, plaintiff must show the "*use of pretext that itself implies a discriminatory stereotype, or use of a pretext to hide . . . discrimination*") (emphasis in original), *cert. denied,* 528 U.S. 965 (1999). Defendant will be entitled to summary judgment unless the plaintiff can point to evidence supporting a finding of discrimination. *See James v. N.Y. Racing Ass'n*, 233 F.3d 149, 154 (2d Cir. 2000).

Here, Plaintiff cannot satisfy this burden. Plaintiff lacks *any* evidence to show that the legitimate non-discriminatory reasons offered by Defendants for their actions were false. There is nothing in the record to connect Plaintiff's race with the actions taken by Defendants, and, as such, there exists no facts from which a fact-finder can conclude that there was any discriminatory motivation. As such, Plaintiff has failed to present any evidence that Defendants'

explanations for any of his challenged actions are pretextual and the actual motivation was discriminatory.

**POINT III**

**PLAINTIFF CANNOT ESTABLISH A CLAIM FOR RETALIATION UNDER TITLE VII, 42 U.S.C. § 1983, NYSHRL AND NYCHRL.**

**A.      Plaintiff's Title VII and NYSHRL Retaliation Claims Fail As A Matter of Law.**

Plaintiff's Title VII and NYSHRL retaliation claims likewise should be dismissed.  "Retaliation claims under Title VII and NYSHRL are evaluated under the three-step burden-shifting framework set forth in *McDonnell Douglas Corp. v. Green.*"  *Ballard v. Children's Aid Soc'y*, 781 F. Supp. 2d 198, 206 (S.D.N.Y. 2011).  To establish a *prima facie* case of retaliation, plaintiff must prove the following: (1) he engaged in a protected activity; (2) the employer was aware of the protected activity; (3) the employer took an adverse employment action against him; and (4) a causal connection exists between the alleged adverse employment action and the protected activity."  *See Butts v. N.Y. City Dep't of Hous. Pres. & Dev.*, 307 Fed. Appx. 596, 599 (2d Cir. 2009) (summary order).  This showing creates a presumption of retaliation, which the defendant may rebut by articulating a legitimate, non-retaliatory reason for the adverse employment action.  If the defendant provides such an explanation, the presumption of retaliation dissipates, and the plaintiff must prove that the desire to retaliate was the but-for cause of the challenged employment action.  *Sattar v. United States Dep't of Homeland Sec.*, 668 Fed. Appx. 1, *2 (2d Cir. 2016); *Shein v. N.Y.C. Dep't of Educ.*, U.S. Dist. LEXIS 20015 at *24 (S.D.N.Y. Feb. 18, 2016) (SHRL case).  But-for causation does not require proof that retaliation was the sole cause of the employer's action, but only that the adverse action would not have occurred in the absence of the retaliatory motive.  *Zann Kwan v. Andalex Group LLC*, 737 F.3d 834, 846 (2d Cir. 2013).

Plaintiff relies upon many of the same employment actions for his discrimination claims as he does for his retaliation claims. Plaintiff claims that his alleged protected activity is his membership as a class member in the Firefighter Examination Lawsuit, which led to his appointment to the FDNY off a "Priority Hire" list. *See* Defs. 56.1 Stmt. ¶9; *see also* FAC ¶¶ 58, 62, 66. Plaintiff has satisfactorily alleged that he participated in a protected activity when he opposed alleged discrimination as a class member in the Firefighter Examination Lawsuit. Further, Defendants do not dispute that they were aware that Plaintiff engaged in that protected activity and that he suffered an adverse action when he was terminated from his position as a Probationary Firefighter with FDNY. Beyond this, Plaintiff cannot establish a *prima facie* case of retaliation as Plaintiff cannot establish the required causal connection between any alleged adverse employment action and his protected activity. A causal connection between the protected activity and the adverse action may be demonstrated by showing "(1) direct proof of retaliatory animus directed against the [p]laintiff, (2) disparate treatment of similarly situated employees, or (3) that the retaliatory action occurred close in time to the protected activities." *Elhanafy v. Shinseki*, 2012 U.S. Dist. LEXIS 81302 at *53-4 (E.D.N.Y. June 12, 2012) (internal citation omitted).

Specifically, Plaintiff alleges that as a result of his involvement in the Firefighter Examination Lawsuit the following retaliatory conduct was taken against him: (1) he was subject to training exercises in August 2013 meant to fail him which resulted in injury to him; (2) he was purposefully placed on light duty to render him ineligible for completion of his training; (3) Bradley "orchestrated" his change in duty status by stating in front of an FDNY physician "What is he doing here anyway?"; (4) Defendants ignored "statutory mandate to assign tenure to Plaintiff"; and (5) he was terminated. *See* FAC ¶¶ 5, 42-43, 45, 58, 62. However, for similar

reasons as set forth in Point II B, *supra*, Plaintiff fails to establish a *prima facie* case of retaliation. There is no direct proof of retaliatory animus against Plaintiff nor is there any evidence that the FDNY treated similarly situated employees outside of Plaintiff's protected group differently than him. His allegations are, at best, wholly speculative and conclusory.

Plaintiff cannot point to any evidence showing that the decisions made with respect to any alleged wrongdoings, including his termination on January 14, 2015, were motivated by retaliatory animus. Plaintiff has failed to link any employment actions taken by Defendants against him to a retaliatory motivation based on his involvement as a class member in the *United States v. City of New York*, 07 Civ. 2067 (E.D.N.Y.) litigation.

As a starting point, there is no evidence in the record that a statutory mandate to assign tenure exists, and thus, Plaintiff's claim that Defendants ignored statutory mandate to assign him tenure cannot be an adverse employment action. Pursuant to applicable personnel rules and regulations of the City of New York, a member's probationary service is extended by the time the member does not perform the duties, i.e. being on limited duty status and medical leave. *See* Defs. 56.1 Stmt. ¶18. Plaintiff spent less than a month and a half at the FDNY on full duty. *See* Defs. 56.1 Stmt. ¶82. For the lion's share of Plaintiff's time at the FDNY, he was either on limited duty or medical leave and, thus, remained a probationary employee at the time of his termination. Furthermore, there is no evidence to support Plaintiff's entirely speculative and conclusory claim that based on retaliatory animus he was subject to training exercises in August 2013 meant to fail him. On the contrary, when Plaintiff tried to resign on August 1, 2013, merely three days into training at the PFS, FDNY's response was that they wanted him to return to the PFS and permitted Plaintiff to withdraw his resignation. *See* Defs. 56.1 Stmt. at ¶¶23, 26, 28. Plaintiff further testified that he had a good experience at the PFS. *See* Defs. 56.1

Stmt. at ¶24.  Furthermore, Plaintiff has not set forth any evidence that non-African-American Probationary Firefighters were treated more favorably at the PFS.  There is simply no causal nexus between his participation in the Firefighter Examination Lawsuit along with his hiring as a result and any of Plaintiff's alleged actions.

Even if Plaintiff is able to somehow meet his burden to establish a *prima facie* case of retaliation, despite the substantial deficiencies noted above, the undisputed facts show that each employment action taken by Defendants was taken for legitimate, non-retaliatory reasons, and there is nothing in the record evidence to establish that that the desire to retaliate was the but-for cause of any of the challenged employment actions.  Again, Plaintiff's retaliation claims fail for the same reasons as set forth in Point II, C and D, *supra*.  Plaintiff has failed to produce sufficient evidence that any actions taken against him were motivated by retaliation, rather than the City's stated reasons, specifically that Plaintiff's changes in duty status and termination were the result of medical events concerning Plaintiff and his inability to perform the duties of a firefighter with the FDNY as a result of his medical condition.  Here, the record is clear that each of the actions relied upon by Plaintiff in support of his retaliation claims were supported by legitimate, non-retaliatory reasons, and Plaintiff's protected activity had no bearing on any employment action.  Therefore, Defendants are entitled to summary judgment on Plaintiff's Title VII and NYSHRL retaliation claims and Plaintiff's claims should be dismissed.

**B.    Plaintiff's First Amendment Retaliation Claim Fails As A Matter of Law.**

To survive summary judgment on a First Amendment retaliation claim, a plaintiff must establish a *prima facie* case by "bring[ing] forth evidence showing that [1] he has engaged in protected First Amendment activity, [2] he suffered an adverse employment action, and [3] there was a causal connection between the protected activity and the adverse employment action."  *Smith v. County of Suffolk*, 776 F.3d 114, 118 (2d Cir. 2015) (citation omitted).  If a

plaintiff establishes a *prima facie* case, the government may avoid liability by "demonstrate[ing] by a preponderance of the evidence that it would have taken the same adverse action regardless" of the protected activity. *See Cobb v. Pozzi*, 363 F.3d 89, 102 (2d Cir. 2004). "A plaintiff can establish the causal connection between protected expression and an adverse employment determination indirectly by showing that the protected activity was followed by adverse treatment in employment, or directly by evidence of retaliatory animus." *Howard v. City of New York*, 602 F. App'x 545, 549 (2d Cir. 2015) (quoting *Cobb v. Pozzi*, 363 F.3d 89, 108 (2d Cir. 2004)). "[P]laintiffs may not rely on conclusory assertions of retaliatory motive, but must offer instead some tangible proof to demonstrate that their version of what occurred was not imaginary." *Morris v. Lindau*, 196 F.3d 102, 111 (2d Cir. 1999).

Plaintiff relies upon the same employment actions for his First Amendment retaliation claims as he does for his Title VII and NYSHRL retaliation claims. *See* FAC ¶¶ 78, 81. For the same reasons stated in Point III, A, *supra*, Plaintiff's claim fails. While Plaintiff's participation in the Firefighter Examination Lawsuit is protected by the First Amendment, Plaintiff has failed to establish causation. A claim of First Amendment retaliation pursuant to 42 U.S.C. § 1983 requires a causal connection between plaintiff's protected activity and the adverse action, such that the protected activity was a substantial motivating factor in the adverse employment action. *See Smith v. N.Y. City Dep't of Educ.*, 524 F. App'x 730, 733 (2d Cir. 2013). Plaintiff cannot show a causal connection between any of these actions and his involvement in the litigation as Plaintiff has not presented any direct evidence of retaliatory animus against him. Even assuming that Plaintiff can establish retaliatory animus – although he clearly cannot – Plaintiff's retaliation claim still fails because, based on his worsening symptoms, and objective test results, FDNY would have still taken him off full duty and

subsequently terminated his employment, regardless of whether or not he was hired as a result of or involved in the Firefighter Examination Lawsuit. *Anemone v. Metro. Transp. Auth.*, 629 F.3d 97, 114 (2d Cir. 2011); *Cotarelo v. Sleepy Hollow Police Dep't.*, 460 F.3d 247, 253 (2d Cir. 2006). Plaintiff's First Amendment retaliation claim fails because Plaintiff's history with BHS demonstrates that he would not have had his probationary employment continue in the absence of his participation in the lawsuit.

The record is clear that Plaintiff had a lengthy history of medical issues which required him to spend the majority of his employment on light duty or medical leave and FDNY would have terminated his probationary employment regardless of his role in the litigation. Plaintiff was examined by physicians at BHS on 31 separate dates over the course of a 16 month period and Plaintiff's health worsened. *See* Bowers Decl., Exhibit M. Thus, even if Plaintiff was hired as a non-priority hire and not as a result of the Firefighter Examination Lawsuit, and sustained the same medical issues, the FDNY would have terminated Plaintiff's probationary employment. Therefore, Defendants are entitled to summary judgment on Plaintiff's First Amendment retaliation claims and Plaintiff's claims should be dismissed.

## C.   Plaintiff's NYCHRL Retaliation Claim Fails As A Matter of Law.

The NYCHRL retaliation provision is broader than Title VII and the NYSHRL's because it protects plaintiffs opposing practices forbidden under the law from conduct reasonably likely to deter a person from engaging in such action. *Ya-Chen Chen v. City Univ. of N.Y.*, 805 F.3d 59, 76 (2d Cir. 2015). Courts must analyze NYCHRL claims separately and independently from any federal and state law claims. *Mihalik v. Credit Agricole Cheuvreux N. Am., Inc.*, 715 F.3d 102, 109 (2d Cir. 2013). However, the Second Circuit has long held that "[t]he NYCHRL is not a general civility code, and a defendant is not liable if the plaintiff fails to prove the

conduct is caused at least in part by discriminatory or retaliatory motives, or if the defendant proves the conduct was nothing more than petty slights or trivial inconveniences." *Id.* at 113.

To establish a *prima facie* case of retaliation under the NYCHRL, a plaintiff must show that: (1) he participated in a protected activity; (2) the defendant knew about his participation; (3) the defendant took an employment action that disadvantaged the plaintiff in any manner; and (4) a causal connection existed between the protected activity and the negative employment action. A plaintiff who meets this burden establishes a rebuttable presumption of retaliation. *Fattoruso v. Hilton Grand Vacations Co.*, 525 Fed. Appx. 26, 27 (2d Cir. 2013). The defendant then has the opportunity to offer legitimate reasons for its actions. The burden then shifts to the plaintiff to demonstrate that these reasons are pretextual. *Eisner v. City of New York*, 166 F. Supp. 3d 450, *17 (S.D.N.Y. 2016). Summary judgment is appropriate if the record establishes as a matter of law that retaliation played no role in the defendant's actions. *Ya-Chen Chen*, 805 F.3d at 76.

While the but-for causation standard applicable to federal retaliation claims does not apply to NYCHRL, "a plaintiff must still establish that there was a causal connection between her protected activity and the employer's subsequent action, and must show that a defendant's legitimate reason for [any adverse action] . . . was pretextual or motivated at least in part by an impermissible motive." *Pena-Barrero v. City of New York*, 2017 U.S. Dist. LEXIS 47983 at *52 (S.D.N.Y. Mar. 30, 2017) (internal citations omitted).

Plaintiff relies upon the same employment actions for his NYCHRL retaliation claims as he does for his Title VII, NYSHRL, and First Amendment retaliation claims. *See* FAC ¶¶69, 73. Here, for the reasons set forth above, Plaintiff has not set forth any sufficient evidence to establish any retaliatory motive with respect to the decision to change Plaintiff's duty status or

terminate his probationary employment. Moreover, for the same reasons discussed in Point III,

A and B *supra*, the legitimate non-retaliatory reasons articulated by Defendants effectively rebut

any arguable *prima facie* case Plaintiff could establish under the NYCHRL. Accordingly, no

matter the theory of retaliation, or the statutes upon which such theories are propounded, Plaintiff

is unable to establish his retaliation claims.

## POINT IV

### PLAINTIFF'S § 1983 DUE PROCESS CLAIM FAILS AS A MATTER OF LAW.

In evaluating a deprivation of due process claim, a Court must first determine

whether a plaintiff has a property right in continued employment and then assuming a property

right exists, a Court must then determine if that right was deprived without due process of law.

*See Whiting v. Inc. Vill. Of Old Brookville*, 8 F. Supp. 2d 202, 210 (E.D.N.Y. 1998), *aff'd sub*

*nom. Whiting v. Old Brookville Bd. of Police Comm'rs.* 4 Fed. App'x 11 (2d Cir. 2001).

Plaintiff's due process claim that the City and Bradley violated his rights under

the 14th Amendment by terminating his employment without due process fails because Plaintiff

was a probationary employee at the time of his termination who could be terminated at any time

during such period and, thus, had no property interest in his job. *See Finley v. Giacobbe*, 79 F.3d

1285, 1297 (2d Cir. 1996). Plaintiff's allegations that he was a tenured employee have no basis

in the record. As a priority hire, Plaintiff was subject to a one-year probationary period. *See*

Defs. 56.1 Stmt. ¶17. However, pursuant to applicable personnel rules and regulations of the

City of New York, a member's probationary service is extended by the time the member does

not perform the duties, i.e. being on limited duty status and medical leave and the agency head

may terminate the employment of the probationer at any time during such additional period. *See*

Defs. 56.1 Stmt. ¶¶18, 19. Until Plaintiff's employment was terminated on January 14, 2015, he

did not spend more than a month and a half on full duty. *See* Defs. 56.1 Stmt. ¶¶82, 85. Plaintiff began his employment as a Probationary Firefighter on July 29, 2013. *See* Defs. 56.1 Stmt. ¶20. Plaintiff was at the PFS for a few days, when he was injured and went out on medical leave for 7 days. *See* Defs. 56.1 Stmt. ¶¶50, 58. He did not immediately return to full duty, rather from August 13, 2013 until October 21, 2013, Plaintiff was on light duty. *See* Defs. 56.1 Stmt. ¶61. Plaintiff returned to full duty for a month and a half – from October 21, 2013 until December 2, 2013. *See* Defs. 56.1 Stmt. ¶64. Plaintiff went out on medical leave from December 3, 2013 until he returned to light duty on March 10, 2014. *See* Defs. 56.1 Stmt. ¶¶65, 74. Plaintiff remained on light duty until the time of his termination, hence Plaintiff never returned to full duty status. *See* Defs. 56.1 Stmt. ¶¶74, 87. Plaintiff was on medical leave for 105 days and on light duty for 379 days. *See* Defs. 56.1 Stmt. ¶79. As Plaintiff's probationary period was extended by the time he was on limited duty or medical leave, he remained a probationary employee when his employment was terminated on January 14, 2015. Thus, as a probationary employee, Plaintiff had no property interest in his job. *See Finley*, 79 F.3d at 1297. Moreover, the record shows that on July 22, 2013, Plaintiff signed a letter specifying the conditions for completing PFS. *See* Defs. 56.1 Stmt. ¶¶10, 11. The Conditions Letter provides that successful completion of PFS does mean that a PFF has attained tenure in the position of Firefighter and that "[i]n order to attain and maintain tenure in the position of Firefighter, [the PFF] must comply with all applicable requirements of the City of New York, the FDNY, and the FDNY Oath of Office." *See* Defs. 56.1 Stmt. ¶¶12, 13. Pursuant to the Conditions Letter, attaining tenure would require a successful completion of PFS, at the very least. Plaintiff did not complete his training at the PFS. *See* Defs. 56.1 Stmt. ¶81.

Even if the Court were to find that Plaintiff completed his probationary period and attained tenure, his due process violation claim would still fail because a state remedy, specifically an Article 78 proceeding, was available to him. *See Whiting*, 8 F. Supp. 2d at 210 ("The Supreme Court has held that the availability of a state remedy to challenge alleged deprivations of protectable liberty or property interests may defeat a litigant's procedural due process claim.") Plaintiff had the opportunity to challenge his termination without a medical board in an Article 78 state court proceeding, but failed to do so. *See* Defs. 56.1 Stmt. ¶88. Accordingly, his due process claim should be dismissed. *See Dechberry v. New York City Fire Dep't.*, 124 F. Supp. 3d 131 (E.D.N.Y. Aug. 15, 2015) ("[B]ecause New York law affords plaintiff a full adversarial hearing via an Article 78 proceeding in New York State Supreme Court to dispute her termination … plaintiff cannot show that she has been deprived of due process.").

It bears mentioning that to the extent Plaintiff argues that he was denied his due process right to a medical board, the Court held that the Plaintiff does not have a due process right to a medical board proceeding. *See* Dkt. No. 31, Memorandum and Order on Motion for Partial Reconsideration, dated April 6, 2018. Even so, the record shows that if a PFF is unable to return to full duty status, the PFF is subject to termination, despite a referral to, appearance in front of or evaluation by the BHS Physician Board (formerly referred to as the 3 Physician Board) concerning the Probationary Firefighter's fitness for duty. *See* Defs. 56.1 Stmt. ¶47.

## POINT V

## NO MUNICIPAL LIABILITY AGAINST THE CITY.[4]

---

[4] In a minute entry following the pre-motion conference on the motion herein, the Court asked Plaintiff whether he intended to voluntarily dismiss these claims to which Plaintiff did not respond. *See* ECF Minute Entry dated February 20, 2019.

Furthermore, and notwithstanding the foregoing dispositive grounds warranting dismissal, Plaintiff's §§ 1981 and 1983 claims should be dismissed against the City because there is no *respondeat superior* liability under § 1983, and Plaintiff entirely lacks any evidence to establish his claim against a municipality. *See Monell v. Dep't of Sc. Servs.*, 436 U.S. 658, 694 (1978). To hold a municipality liable under §§ 1981 and 1983, plaintiff must identify a municipal policy or custom that caused a violation of his constitutional rights. *Id.* at 690. Plaintiff must also establish a causal connection – an "affirmative link" – between the policy and deprivation of his constitutional rights. *Vippolis v. Vill. of Haverstraw*, 768 F.2d 40, 44 (2d Cir. 1985). Municipal liability will not attach unless the identified policy or custom was the basis of plaintiff's personal constitutional deprivation. *Dwares v. City of N.Y.*, 985 F.2d 94, 100 (2d Cir. 1993). "The plaintiff must . . . demonstrate that, through its deliberate conduct, the municipality was the 'moving force' behind the injury alleged. That is, a plaintiff must show that the municipal action was taken with the requisite degree of culpability and must demonstrate a direct causal link between the municipal action and the deprivation of federal rights." *Bd. of County Comm'rs v. Brown*, 520 U.S. 397, 404 (1997) (quote in original). Finding that a specific employment action is a "personnel decision and nothing more," courts in this Circuit have noted that "[i]t is hard to imagine any decision that falls farther outside the common understanding of the word 'policy.'" *Soto v. Schembri*, 960 F. Supp. 751, 759 (S.D.N.Y. 1997). In addition, a decision taken with respect to a single employee is not "so 'persistent and widespread' as to justify the imposition of municipal liability." *Giaccio v. City of New York*, 308 F. App'x 470, 472 (2d Cir. 2009) (internal quotations omitted).

Plaintiff has not established any evidence to support his claims against the City. Plaintiff has failed to show any official policy or custom of the City that denied him a

constitutional right.  *See Monell*, 436 U.S. at 694.  Plaintiff cannot point to any record evidence showing that the City had a policy, practice, or custom of discriminating against Probationary Firefighters based on their race or that any municipal policy was the "moving force" responsible for the violations that he claims.  The evidence does not show, that any alleged discrimination or retaliation was the result of an official policy or custom, or that any alleged decision-maker was a final policymaker such that their actions may result in municipal liability for the City.  *See Pignone v. Vill. of Pelham Manor*, 2014 U.S. Dist. LEXIS 31508 at *4 (S.D.N.Y. Mar. 6, 2014).

Moreover, Plaintiff has not demonstrated a constitutional violation.  Absent an underlying constitutional violation, there can be no municipal liability. *City of Los Angeles v. Heller*, 475 U.S. 796, 799 (1986) (holding that a municipality may not be held liable under § 1983 where no constitutional violation has occurred).

## POINT VI

## NO INDIVIDUAL LIABILITY AGAINST THOMAS BRADLEY.

To establish a § 1983 claim against an individual defendant, plaintiff must allege that the defendant was acting under color of state law; and (2) the alleged conduct deprived plaintiff of a constitutional or federal statutory right.  *See Back v. Hastings on Hudson Union Free Sch. Dist.*, 365 F.3d 107, 122 (2d Cir. 2004).  Here, as set forth above, there is no evidence that Bradley acted to deprive Plaintiff of his right to be free from discrimination on the basis of his race.  Nor does the record evidence personal involvement of Bradley in any alleged constitutional deprivations.  *See id*. at 122, 127; *see also Colon v. Coughlin*, 58 F.3d 865, 873 (2d Cir. 1995).

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that their motion for summary judgment be granted, the First Amended Complaint be dismissed in its entirety, with prejudice, that judgment be entered for Defendants, and that Defendants be granted costs, fees, and expenses together with such other and further relief as the Court deems just and proper.

Dated:     New York, New York
           May 9, 2019

**ZACHARY W. CARTER**
Corporation Counsel of the
  City of New York
Attorney for Defendants
100 Church Street, Room 2-139
New York, New York 10007
(212) 356-2473
kbowers@law.nyc.gov


By:      */s/* Kerrin A. Bowers
         Kerrin A. Bowers
         Assistant Corporation Counsel